UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cr-00109-SNLJ |
| | ) |
| DESHANTE R. NABORS, | ) |
| | ) |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Response to Order by Magistrate Judge (Doc. 127) and Motion to Inspect (Doc. 128).

### **Response to Order by Magistrate Judge (Doc. 127)**

The Court will treat the Response to Order by Magistrate Judge as an appeal of the Order at Doc. 118, which ruled on defendant's motion alleging he was given an "edited and tampered" transcript of the evidentiary hearing held on April 23, 2024 (Doc. 109). Magistrate Judge Abbie Crites-Leoni[1] granted the motion in part and denied it in part (Doc. 118). After comparing the audio recording and the transcript, Judge Crites-Leoni set forth several corrections to the transcript in her Order and addressed each allegation of alleged error by defendant (*Id.*). Defendant now appeals that Order alleging it is "false."

28 U.S.C. § 636(b)(1)(A) allows a district judge to modify or set aside any parts of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law."

---

[1] Pursuant to 28 U.S.C. § 636(b) and Local Rule 2.08, all pretrial matters were referred to United States Magistrate Judge Abbie Crites-Leoni (Doc. 4).

*See also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir.2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." (citing § 636(b)(1)(A)). Defendant offers nothing more than speculation and conjecture in support of his appeal. After reviewing the motion and Order, the undersigned finds the ruling is not clearly erroneous or contrary to the law. As such, the appeal will be denied.

### Motion to Inspect (Doc. 128)

The motion to inspect is yet another attempt by defendant to obtain information about the grand jurors. Defendant again complains about rulings by Judge Crites-Leoni on his prior motions seeking grand juror information. The record reflects that a copy of the grand jury transcript was provided to defendant's standby counsel for distribution to defendant. He was denied, however, information regarding "the grand jurors themselves" (Doc. 78). Nothing in the latest motion is cause for this Court to reconsider its prior Order (Doc. 117) finding that Judge Crites-Leoni's rulings on defendant's request for grand juror information is not erroneous or contrary to law. As such, the motion to inspect (Doc. 128) will be denied.

### Warning Regarding Frivolous Filings

The filings at issue border on frivolous. Defendant is put on notice that the Court will not tolerate frivolous motions. Federal courts have the inherent power and discretion to impose filing restrictions on litigants who abuse the judicial process and waste the Court's resources with frivolous filings. *See generally, In re Tyler*, 839 F.2d 1290, 1292-

1295 (8th Cir. 1988) (upholding imposition of a filing restriction based on frivolous filings).

**IT IS HEREBY ORDERED** that defendant's Response to Order by Magistrate Judge (Doc. 127) and Motion to Inspect (Doc. 128) are **DENIED**.

**SO ORDERED** on this 7th day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE